NABORS, Judge ad hoc.
Plaintiff, Arthur Wallace, the owner of a 1947 Ford convertible, and his insurer the plaintiff Audubon Insurance Company filed this suit against defendant, Ed Levy, to recover damages inflicted on plaintiff’s Ford in a collision with defendant’s automobile which occurred about 10:00 A.M., August 7, 1951, on Highway 90 between Chef Menteur Pass and the Rigolets Bridge-. Defendant filed a reconventional demand for $134.94, the amount of damages inflicted on his car by the collision. Defendant appealed from a judgement of the First City Court for the City of New Orleans dismissing his reconventional demand and ordering him to pay plaintiffs the damages which they suffered, namely, $100 to Arthur Wallace to reimburse him for damages not covered by insurance, and $121.21 to Audubon Insurance Company, as subrogee under its insurance policy.
Driving towards Mississippi on Highway 90 near the end of a long curve, Wallace saw defendant about 150 feet in front of his car driving in the same direction on the right shoulder of the road. Realizing the danger of a collision in the event that defendant should turn into the highway, Wallace sounded his horn. When Wallace was from 30 to 50 feet from defendant’s car, defendant suddenly made a “U” turn into the highway for the purpose of starting back to New Orleans. Wallace applied his brakes, but the cars collided and stopped side by side on the concrete highway. The testimony of several witnesses that, prior to the accident, plaintiff was driving at a speed of 40 or 45 miles an hour seems more trustworthy than a witness for defendant who stated that Wallace passed him at 55 or 60 miles an hour shortly before the accident occurred.
The accident occurred near the Rosemary Inn on a short straight section of the highway between two long curves. There was testimony that, immediately after the accident, defendant admitted that he was at fault and that he stated that a highway sign cut off his view through his mirror. At the trial defendant contended that he noticed no traffic from New Orleans when he looked in his rear view mirror and that he stopped his car on the highway when he saw Wallace approaching. Defendant testified that Wallace’s fast speed prevented him from avoiding the accident either by *39 stopping or by turning into the left traffic lane.
A glance at a rear view mirror while driving on the shoulder of a road near the end of a long curve is not an adequate investigation of whether traffic was approaching from the driver’s rear. It is a matter of general knowledge that the limited angle of vision in a rear view mirror prevents the driver from obtaining adequate information under such circumstances. The only other effort which the defendant made to determine traffic conditions came when he was driving on the highway and hence too late to relieve him of negligence.
LSA-R.S. 32:235 provides in part as follows:—
“A. The driver of any vehicle on the highways of this state shall ascertain, before turning around upon any highway, that there is no traffic, vehicular or pedestrain, approaching from either direction which will be unduly delayed and shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless the way is clear.”
The quoted part of the Louisiana statute made defendant responsible for determining whether he could enter the highway safely and entitled Wallace to assume that defendant would not violate the duty of care which the statute imposed upon him. Practically all traffic conditions involve a danger that a motorist will disregard a traffic rule, but nonetheless motorists have at least a limited right to assume compliance with traffic rules. Thus plaintiff’s failure to stop when he saw defendant driving along the shoulder of the road does not constitute contributory negligence. The following cases give effect to traffic rules which impose on motorists the burden of determining whether left turns across traffic can be made safely. Day v. Roberts, La.App., 1951, 55 So.2d 316, Terrell v. Fargason, La.App., 1953, 67 So.2d 771.
The evidence clearly establishes defendant’s negligence and Wallace’s freedom from contributory negligence. The trial court correctly interpreted the evidence as requiring judgment for the plaintiffs.
For the reasons assigned the judgement of the trial court is affirmed; defendant to pay all costs.
Affirmed.