McBRIDE, Judge.
Gaston L. Breaux has taken his appeal from the judgment rendered in his favor for $4,663.39 in his suit for $42,340.49 for personal injuries, medical expenses and loss of wages against the same defendants im-pleaded in the case of Ryan v. All State Insurance Co., Chicago, Illinois, La.App., 86 So.2d 126, with which Breaux’ suit was consolidated. For the reasons stated in the opinion and decree handed down by us this day in Harold Hyan’s suit, Breaux is .entitled to a recovery for his damages against Leslie Evans and Allstate Insurance Company, in solido.
When the Bowers automobile was turned over as a result of the impact of the collision, Breaux’ left arm was pinned under the car. He was conveyed by am *132 bulance to the Charity Hospital for emergency treatment and then he went to the office of Dr. Vincent P. Blandino, his own private physician. Dr. Blandino.-next saw him on October 26 and at that time Breaux had fever and experienced considerable difficulty in breathing, and Dr. Blandino being of the opinion that Bréaux was a “very sick” man had him “rushed” to Hotel Dieu where Breaux remained for a period of eighteen days. He was incapacitated in áll for about ninety days. Breaux’ injuries consisted of fractures of the left second, third, fourth, fifth, sixth and seventh ribs and internal injuries, of the chest and severe injuries to the left shoulder, hip and pelvis. The left lung collapsed ánd the matter of breathing became very difficult. At one stage of the treatment Dr. Blandino called in Dr; Sidney Char-bonnet for consultation as there was some question whether Breaux should be operated on or be treated conservatively because .of the great amount of hemorrhaging blood. It was necessary that there be three pleurocenteses (the insertion of a large needle in the chest cavity), and by'this process blood and fluid were removed. It was not until January 5,. 1954, about three months after the accident, that Breaux wa9 discharged by Dr. Blandino. The course of treatment entailed numerous visits to the doctor and his use of varied medical procedures. The trial judge was of the opinion that there is “no apparent residual injury” but we believe he erred in that finding. , Dr. Blandino’s testimony is that Breaux continued to. have' discomfort in tbe left shoulder and Dr. 'George Berkett, who examined Breaux on December 16, 1954, testified on behalf of the defendant insurance company that,Breaux;’ complaint was referable to the left shoulder and that Breaux claimed that there was] a certain amount of loss of, gripping power of the left hand to such an extent that he could not hold on to certain objects". Dir. Berkett. did not believe that Breaux’ condition caused any appreciable difference in the grip but he definitely was of the opinion that Breaux had acromion clavicular, which was explained as being a separation of the left shoulder and which would justify the complaint- of- discomfort when the arm was held up at right angles for a period of time.
The trial judge thought that Breaux had been damaged to the extent of $5,000 for the personal injuries, pain and .suffering; he found that the sizeable medical bills amounting to $602.49 had been proven and that Breaux’ loss of salary at the Foothill Electric, Company, where he is a foreman, was $117.90 per week for eleven weeks or $1,296.90, and that he also lost his pay at Delgado Trades School, where he is an instructor, which amounts to $264 for the eleven-week period of incapacity resulting from the injuries. We approve the amounts found to. be due for each of the particular items, but we believe that the sum of $1,000 should be added thereto for the acromion clavicular or separation of the left shoulder which is apparently a permanent condition. All of the above amounts total the sum of $8,163.39 and this should be the amount of the judgment.
For the reasons assigned, that portion of the judgment appealed from which dismisses plaintiff’s suit as against Allstate Insurance Company. be and the same is hereby annulled and avoided, and it is now ordered, adjudged and decreed that the judgment be amended so as to run against Leslie Evans and Allstate Insurance Company, jointly and in solido, for the full sum of '$8,163.39, and as thus amended and in all other respects'the. judgment is affirmed; said appellees are cast for the costs of this appeal. . ■ ■
Reversed in part; amended and affirmed in part.