Alberta Harvey SISSON

v.

HOME INDEMNITY COMPANY.

James C. BOOTH

v.

HOME INDEMNITY COMPANY.

Civ. A. Nos. 4480, 4485.

United States District Court
W. D. Louisiana,
Shreveport Division.

July 2, 1956.

Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, La., for plaintiffs.

Albin P. Lassiter, Monroe, La., for defendant.

BENJAMIN C. DAWKINS, Jr., Chief Judge.

Transcontinental U. S. Highway 80 traverses the Town of Rayville, Louisiana, running straight east and west. It is paved, 24 feet wide, and has two lanes of traffic.

An ordinance fixes the maximum legal speed in the town limits at 25 miles per hour.

The westerly limits of the town are just west of the Rayville Motel, which is situated on the north side of the highway. A gravel driveway, approximately 22 feet wide, lies between the Motel property and the north edge of the highway. Eastward, between the Motel and the center of town, a distance of about one-half mile, there is a continuous line of business establishments, with a fairly heavy population.

On February 3, 1954, during daylight, 16 year-old Robert Phillips was driving alone in his father's International pick-up truck, proceeding west on the highway. Shortly before reaching the Motel, he decided to turn around and drive east. He thereupon swung to his right into the Motel driveway, shifted into second gear, executed a U-turn maneuver to his left, re-entered the highway without stopping, had reached the south half of the pavement, and had nearly straightened out headed easterly, when the pick-up was struck at its left front corner by a Buick being driven by Dilcey Booth in a westerly direction.

Dilcey Booth and Alberta Sisson, who was riding on the rear seat of the Buick, were injured in the accident. The former died about a week later. According to an autopsy report, she had a pre-existing luetic heart condition, possibly aggravated by her injuries. In the opinion of several medical experts, she probably died from a pulmonary embolism resulting from the accident. Her surviving husband, James C. Booth, here sues defendant, directly and alone, LSA–R.S. 22:655, as liability insurer of the Phillips pick-up, for damages sustained by his wife and himself, LSA–Civ.Code, art. 2315. Alberta Sisson, in a separate action, sues defendant for her injuries and damages, the suits having been consoli-

dated for trial and decision without jury. Defendant's policy limits are $5,000 for injuries or death of one person in one accident, $10,000 for two or more persons, and $5,000 for property damage.

The actions are based on alleged negligence committed by Robert Phillips, which we find has been proven to have been a proximate cause of the accident by a clear preponderance of the evidence, as well as by his own admissions at the trial: 1) he did not maintain a proper lookout and failed to see the Buick approaching in plain view until too late; 2) he did not stop and look for on-coming traffic before re-entering the highway; and 3) he drove forward onto the highway directly in the path of the Buick, not respecting its right-of-way. LSA–R.S. 32:235, subd. A; Alengi v. Hartford Accident & Indemnity Co., La. App.1936, 167 So. 130; Audubon Insurance Co. v. Levy, La.App.1954, 73 So. 2d 37; Dunnington v. Richard, La.App. 1955, 81 So.2d 33.

■ As one of its defenses, defendant pleads proximate contributory negligence on the part of Dilcey Booth and Alberta Sisson. This has been clearly proven as to the former, but not at all as to the latter: 1) Dilcey Booth was driving substantially in excess of the municipal speed limit. Estimates of her speed range from approximately 35 miles per hour, according to Leon Harvey and Pearl Worthen, passengers in the Buick, up to 60 miles per hour, according to Lonnie L. Wright, a disinterested eyewitness. He was standing in front of the Motel, heard the Buick's brakes applied, and saw it proceeding west, in the center of the road, about 50 to 60 feet before the crash: He testified it was "really traveling". The pick-up was hit hard enough to turn it over. The Buick sustained nearly $1,000 in damages, and pictures of the pick-up in evidence show that there was a very heavy impact, all of this indicating high speed by the Buick. 2) She obviously was not maintaining an adequate lookout, and control of her car,

for she otherwise could have stopped or turned aside to avoid the accident. These elements of contributory negligence were proximate causes of the accident and bar recovery of damages by her husband. Bradford v. Wertz, La. App.1951, 52 So.2d 47.

■ Defendant offered no proof to show that Alberta Sisson was guilty of independent contributory negligence. Dilcey Booth's negligence is not imputable to her. Herget v. Saucier, 1953, 223 La. 938, 67 So.2d 543; Hubble v. Bourg, La.App.1953, 68 So.2d 639; and authorities therein cited. Hence she is entitled to recover her proven damages from defendant.

■ She is a colored woman, who was about 54 years old at the time of the accident. Her injuries consisted of the following:

1. Mild shock and general contusions.

2. Two fractures of the ulna bone in her left arm, which healed within four months, with little or no residual disability.

3. Two broken teeth. These, and nine others, were removed by a Negro dentist about six months after the accident. While he testified that the accident necessitated all of these extractions, we do not believe that this was so.

4. Two fractured ribs on her right side, with bruises to the chest wall which produced a short episode of lower lobar pneumonia.

5. A large bruise, and two-inch laceration, in the region of her left eye and forehead.

6. A two-inch laceration on her left heel.

The lacerations and bruises healed within a relatively short time. She still complains bitterly about her condition generally, and claims inability to perform her household duties, but her doctors testified that she long since has recovered. Her medical and hospital expenses, amounting to $310.84, are recoverable

only by her husband, who has filed suit for them in the State Court.

■ Having considered awards recently made by Louisiana Courts in somewhat similar cases, we are of the opinion that she is entitled to judgment against defendant for $4,000, which should compensate her amply. Jackson v. Firemen's Insurance Company, La. App.1956, 86 So.2d 220; Corkern v. Travelers Insurance Co., 1956, 229 La. 592, 86 So.2d 205; Breaux v. All State Insurance Co., La.App.1956, 86 So.2d 131; Eiswirth v. All State Insurance Co., La.App.1956, 86 So.2d 133; Ryan v. All State Insurance Co., La.App.1956, 86 So.2d 126; Coleman v. Shreveport Railways Company, La.App.1956, 86 So. 2d 590; Snodgrass v. Centanni, 1956, 229 La. 915, 87 So.2d 127; Washington v. T. Smith & Son, La.App.1953, 68 So. 2d 337.

For these reasons, there will be judgment in Civil Action No. 4485 in favor of defendant, and against plaintiff, James C. Booth, rejecting his demands at his cost. In Civil Action No. 4480, there will be judgment in favor of Alberta Sisson and against defendant, Home Indemnity Company, in the full sum of $4,000, with legal interest from judicial demand, plus costs.

Separate decrees should be presented for signature.

■ We judicially notice that through other counsel Alberta Sisson, on January 28, 1955, also filed Civil Action No. 4916, in the Monroe Division of this Court, to recover for the same damages from St. Paul Mercury Indemnity Company, liability insurer of the Buick driven by Dilcey Booth. This suit, based on negligence allegedly committed by Dilcey Booth in the same accident, has not been tried. She is entitled to recover damages only once for her injuries.

■■ In Louisiana contribution may not be demanded by one joint tort feasor, or his insurer, who has been cast in judgment to the injured person, from another joint tort feasor, or his insurer, who has not been cast. Linkenhoger v. Owens, 5 Cir., 181 F.2d 97. In the interests of justice, however, and because of our findings herein, if proper application is timely made by the defendant here, we will stay execution of this judgment until Civil Action No. 4916 can be tried. If upon trial of that case (wherein jury trial is demanded) a verdict and final judgment are rendered in favor of Alberta Sisson, then Home Indemnity Company may demand contribution from St. Paul Mercury Indemnity Company, in proportion to the insurance coverage afforded by the respective policies, which are in the same amounts.

Unless new evidence, not now before us, is presented in the trial of that case as to Alberta Sisson's injuries, we would not allow a jury award in excess of $4,000 to stand. If a smaller amount is awarded, St. Paul Mercury Indemnity Company's liability for contribution should be reduced proportionately.

Of course, if she chooses voluntarily to dismiss the suit in the Monroe Division, there is nothing we can do to protect defendant here. We anticipate that this will be the next step because counsel will see no point in going to the trouble and expense of trying the Monroe case when we have told them their client will not be allowed to have judgment greater than the amount here awarded.

The Clerk is instructed to notify counsel of record in Civil Action No. 4916 of this ruling, and to send them a copy of this opinion.