TATE, Judge.
In a previous appearance of this case before this court, the trial court’s dismissal of plaintiff’s personal injury suit was affirmed. La.App., 85 So.2d 645. The Supreme Court granted writs, reversed our judgment, and remanded the case to the present tribunal to establish plaintiff’s damages and to award judgment therefor. 232 La. 655, 95 So.2d 139.
The sole issue before this court is one of quantum. No special damages were sustained, as Rizley was in the military service at the time of the accident.
As a result of the accident of March 13, 1954, plaintiff Rizley suffered the fracture of six ribs on his side. A doctor summarized his injury as “a stove-in chest”, making the right side completely unstable, causing Rizley great pain and an .inability to breathe at the time. Because of this latter complication, an emergency trache-tomy was performed on him on March 15th, a surgical procedure described by the doctors as minor and performed under a local anesthesia, which consists of cutting into the windpipe at the base of the neck to facilitate breathing. This prpcedure was necessary to save Rizley’s life, and immediately thereafter on the same day, he was subjected to major surgery, an open reduction and a wire fixation of his fractured ribs. Following this latter major surgery two days after the accident, according to the medical testimony, Rizley suffered subsiding and relatively little pain.
His recovery was swift following the operation, he being permitted to get out of bed for longer and longer periods, and he was returned to duty in early May, or about two months after the accident.
Although plaintiff complains of a residual weakness (or loss of “assurance”) in his right arm and shoulder, we do not find this permanent residual proved with sufficient certainty in the record before us to allow him a recovery therefor. While he produced the testimony of a civilian specialist *299 which somewhat corroborates his complaint, the vague and indefinite nature of this physician’s description of the alleged disability does not, in our opinion, outweigh the preponderant medical testimony by the Army physicians that plaintiff was discharged from treatment at the military hospital without residual. We further note that Rizley was able to re-enlist in the military service without difficulty after having been separated therefrom at the end of his current enlistment.
Residual from the surgery and the accident are three scars on plaintiff’s body, all below the neckline and usually concealed by clothing, for which however a portion of the award in damages is allowable.
We think, exercising our discretion as a trier of fact in the award of damages, an award of $4,500 to plaintiff for his injuries will do substantial justice and is in line with, for instance, the following cases: Baranco v. Cotten, La.App. 1 Cir., 98 So.2d 260 ($4,500), which concerns injuries less serious and painful at the inception but of a more indefinitely lingering and permanent nature than the present; Breaux v. All State Insurance Co., La.App.Orl., 86 So.2d 131 ($6,000) (reversed on other grounds, 232 La. 845, 95 So.2d 333), concerning somewhat similar injuries but with other complications; and White v. Travelers Ins. Co., La.App. 2 Cir., 94 So.2d 564 ($1,500), involving far less serious rib injuries.
For the reasons assigned, in accordance with the mandate of the Supreme Court that we fix damages in the present case, it is ordered, adjudged and decreed that there be judgment herein in favor, of plaintiff, Levert R. Rizley, and against defendant, R. V. Cutrer and his insurer, the "Allstate Insurance Company, holding them liable in solido in the full sum of $4,500 together with legal interest thereupon from date of judicial demand until paid, and for all costs of these proceedings.
Judgment rendered.