FRUGÉ, Judge.
This action arises from a two vehicle automobile collision that occurred in the City of Rayne, Acadia Parish, on the afternoon of November 26, 1966. Plaintiff, J. Stamm Guidry, sued St. Paul Fire and Marine Insurance Company, and Willie J. Maloz for the damage to his automobile and for medical expenses incurred as a result of this collision, and on behalf of his minor child, Cynthia Guidry, for the injuries she suffered as a result of this collision.
Plaintiff’s fifteen year old daughter, Cynthia Guidry, was angle parked on the west side of South Parkerson Avenue in the City of Rayne, about twenty-five to fifty feet south of U. S. Highway 90. South Parkerson Avenue runs generally north and south, while U. S. Highway 90 runs generally east and west. There were several other vehicles similarly angle parked on the right hand side of South Parkerson Avenue. Plaintiff’s daughter, after entering her vehicle, was unable to get a clear view of traffic conditions, so she backed her vehicle approximately one foot into the west lane of South Parkerson Avenue in an attempt to get a better view. It was at this point that her vehicle was struck on the side and rear by the vehicle being driven in a southerly direction on South Parkerson Avenue by the defendant, Willie J. Maloz. St. Paul Fire and Marine Insurance Company was the automobile accident liability insurer of Willie J. Maloz.
The case was regularly fixed for trial without a jury. After a trial of the case on the merits, judgment was rendered in favor of plaintiff, Stamm Guidry, in the amount of $731.25, for the damages to his automobile, together with $5.00, for the medical fee of the examining physician. In addition, the court awarded the sum of $2,000.00 for the injury, pain, and suffering of Miss Cynthia Guidry. From this judgment in favor of plaintiff, defendants effected this appeal.
Although the above facts are not in dispute, there is dispute as concerns the defendant’s origin of travel prior to the accident.
It was plaintiff’s version that she first noted the defendant’s vehicle while it was stopped at a stop sign on the north side of Highway 90 on North Parkerson Avenue, waiting for clear passage south across the highway. From her position one foot into the left lane she had observed that he had no signal lights, and therefore, she rea *661 soned that he was not going to turn onto U. S. Highway 90, but rather, would he coming across and would be traveling south in her prospectant lane of travel. She therefore waited at a complete stop for the defendant’s vehicle to cross Highway 90 and proceed south on South Parkerson Avenue, but instead, the defendant’s automobile struck plaintiff’s automobile on the rear and right side, slightly pushing the vehicle into an automobile parked just south of plaintiff’s.
Defendant testified that he was at no time parked on the north side of U. S. Highway 90, but rather, had made a right turn from U. S. Highway 90, previously having come from a direction west of South Parkerson Avenue, and that immediately after turning the corner and proceeding down South Parkerson, plaintiff’s automobile had backed into his lane of travel, so as to cause the accident. He further testified that prior to the time of the accident, he had been at a bar around the corner from the place of the accident, but had only two beers to drink.
The lower court, in its reasons for judgment, gave great weight to the testimony of Miss Guidry. It also commented upon the fact that in defendant’s testimony he was unable to ascertain the reaction that the two beers had had on his ability to drive. The court reasoned that defendant had not maintained a proper lookout and that had he maintained such a lookout, he would have been able to avoid the accident. With these findings we agree.
In reaching a verdict for the plaintiff-appellees, the lower court must necessarily have accepted the defendant’s version of the accident, and in affirming his decision this court shall adopt his reasoning. The factual determinations of the trial court particularly when based upon an evaluation of the credibility of the opposing witnesses should not be disturbed on appeal unless manifestly erroneous. Lewis v. Liberty Mutual Insurance Company, 215 So.2d 138 (La.App. 3d Cir., 1968); Huntsberry v. Millers Mutual Fire Insurance Co., 205 So.2d 617 (La.App. 3d Cir., 1967); Johnson v. Wilson, 97 So.2d 674 (La.App. 1st Cir., 1957) and citations therein.
Counsel for defendant-appellant cites several cases and statutory provisions standing for the proposition that a motorist who backs his automobile from a private parking area onto a thoroughfare and observes another vehicle approaching thereon, but takes no action to clear the street and avoid a possible collision, is guilty of negligence. See LSA-R.S. 32:124, 32:281. See also Smith v. Hearn, 181 So.2d 433 (La.App. 2d Cir., 1965); Clingman v. Millerville Mud Sales, Inc., 146 So.2d 240 (La.App. 3d Cir., 1962); Josey v. Granite State Fire Ins. Co., 122 So.2d 303 (La.App. 2d Cir., 1960), cert. denied; Bryant v. Parr, 86 So.2d 115 (La.App. Orleans Cir., 1956), and Honeycutt v. Carver, 25 So.2d 99 (La.App. 1st Cir., 1946). It is not disputed that the general rules stated in the cases cited for plaintiff-appellant are sound. The rule stated simply means that a motorist who is attempting to back his vehicle onto a thoroughfare on which another vehicle is traveling, should exercise reason and prudence. If such a motorist took no action to clear the street and avoid a possible collision when reason and prudence dictated that such should be done, that motorist will be guilty of negligence.
While we agree with the rule in general, it has no application to the principal case. A careful examination of the factual circumstances of the cases announcing the rule, reveals that they involve situations where the driver of the vehicle backing up proceeds at an excessive rate of speed, or without proper lookout, or actually backs onto the oncoming vehicle. Also, the distance traveled by the vehicle being backed up in the cases cited by defendant-appellant are considerably more than that traveled by defendant in this case. Here plaintiff’s interference of the defendant’s right of travel was but a mere one foot, leaving a substantial amount of space for the de *662 fendant to safely pass plaintiff while still traveling within his lane of traffic.
It is the opinion of this court that despite the conflicting testimony as to whether Mr. Maloz was proceeding from North Parkerson Avenue across the intersection and then on to South Parkerson Avenue, or that he was turning from U. S. Highway 90 onto South Parkerson Avenue, it is clear that Mr. Maloz had ample time to stop his vehicle and thus avoid the collision had he been driving his vehicle in a careful and prudent manner. By the record it is undisputed that Miss Guidry’s automobile did not, but for one foot, interfere with defendant’s use of the right lane. He could have avoided hitting her vehicle merely by staying more toward the left part of his lane, or of turning slightly to avoid her one foot interference. In fact, no evidence was introduced which would prove that any motion at all on the part of defendant would have been necessary to completely avoid the accident. Just a reasonably careful lookout, we feel, would have avoided it. Defendant’s having completely neglected his duty in such a situation, we must, as the lower court did, find him solely negligent, and responsible for the accident.
As to defendant’s claim of contributory negligence on the part of Miss Guidry, this court can see no merit. All the evidence reveals is that Miss Guidry backed her vehicle a mere one foot in an attempt to get a better vantage point as to her prospective lane of travel. She observed the defendant’s automobile and the simple fact that she did not then drive her vehicle forward and attempt to clear the one foot interference of plaintiff’s lane of travel does not suffice as evidence of contributory negligence. The one foot interference into the defendant’s lane of travel did not constitute a hazard created by plaintiff which the defendant could not have avoided.
QUANTUM
Miss Guidry testified that after the accident, her neck began to stiffen and she had experienced such pain and soreness in her neck, shoulder and upper spine, that it was necessary that she be confined to bed for several days. Miss Guidry experienced pounding headaches for about six months following the accident. She further testified that every once in a while, “I still have a pain in my neck.” “Sometimes when I move certain ways, in a certain way, to a certain degree”. Miss Guidry was only examined by a doctor on one occasion, although the doctor testified that it was his impression that Miss Guidry had sustained a cervical sprain and further testified that her complaints of pain as late as six months following the accident would not be unreasonable.
After a study of this issue, it is the opinion of this court that the award to plaintiff of $2,000.00 is excessive. Plaintiff incurred only $5.00 in medical expenses, and the prospect of any future disability is remote. For this reason, the award of the lower court is reduced to $800.00.[1]
For the foregoing reasons, it is the ruling of this court that the judgment of the lower court in favor of plaintiff is hereby amended and affirmed. Costs to be paid by defendants-appellants.
Amended and affirmed.

. It was the opinion of the writer that the award to plaintiff was not manifestly excessive.