DOMENGEAUX, Judge.
This litigation arises from a collision which occurred at the intersection of Monroe Street and Pritchard Place in the City of New Orleans, on September 16, 1965 at approximately 5 :20 p. m. There are stop signs on Pritchard Place but not on Monroe Street. Joseph A. Parker, Jr., a minor, is made defendant herein through his father as administrator of his estate. Joseph A. Parker, Sr., the father, is made a co-defendant solely because he is the party responsible for young Parker’s torts and no contest is made of his responsibility should his son be found negligent.
Defendant Parker, Jr., was driving a 1959 Plymouth in a southeasterly direction on Pritchard Place, and the plaintiff herein, Catherine M. Walker, was driving her 1959 Lincoln Sedan on Monroe Street in a northeasterly direction.
*801 The plaintiff’s version of the accident is that as she proceeded on Monroe Street she had to pull over and come to a stop to allow an oncoming vehicle to pass through a tight spot created by vehicles being parked on both sides of the street about two car lengths from the intersection. A public service truck could have been parked on her left on Monroe Street near the intersection with Pritchard Place. She started up again after letting the other automobile by and was crossing the intersection in question at a speed of some 15 to 20 miles per hour when suddenly she was struck on the rear left side by the defendant’s vehicle. The impact knocked her automobile against the curb on her right. When she came to rest the left front and the two rear tires were flattened.
The defendant on the other hand contends that he had stopped his automobile at the stop sign, at which time two of his five passengers exchanged seats in the car. He then went forward a short distance so he could see around the public service truck which was parked on Monroe Street to his right, and stopped again. He then observed the plaintiff’s automobile approaching and waited for her to pass. When she was in front of the defendant, her rear right tire blew out causing her to swerve into the front of defendant’s vehicle, bounce back into the opposite curve and blow out two more tires, the front and the rear left.
Plaintiff filed suit in the Civil District Court for the Parish of Orleans itemizing her damages as follows:
Hospital and doctor bills $ 275.00
Deductible 100.00
Loss of Wages (10 days disability) 200.00
Personal injuries, pain & suffering 2500.00
Total— $3075.00
Her collision insurer, Mid-States Insurance Company under its subrogation rights joined in her petition averring that defendants were indebted to it for $430.63 which it had paid plaintiff for the loss of her automobile. The trial court, stating as his reason that the plaintiff had failed to sustain her burden of proof, rendered judgment in favor of defendants and dismissed plaintiffs’ suit at their cost. From this judgment the plaintiffs have appealed.
It is perfectly obvious that the versions of plaintiffs and defendants are irreconcilable and we must therefore look to corroborating circumstances to see which is correct. The defendant introduced two witnesses, both of them passengers in his automobile when the accident occurred, to corroborate his version. The testimony of these two witnesses was almost identical to that of defendant. In weighing their testimony, however, it must be considered that both were friends of the defendant. This factor is of course not destructive of their credibility but it should certainly not be disregarded in determining how much weight their testimony is entitled to, particularly in view of the weakness of their version. We are hard pressed to understand how an automobile which fortuitously had a blowout on its right rear tire directly in front of another automobile, first fishtailed into the front end of the other automoble and then, without producing the slightest movement in the other automobile bounced away from it and struck the opposite curb.
We find the plaintiff’s version to be much more plausible, especially when the testimony of the one disinterested witness is considered.
The police officer who investigated the accident stated that the mud dropped *802 from the vehicles by the force of the impact contained tire tracks. These tracks indicated that the defendant’s automobile had moved forward some four feet after the impact. This physical evidence is to us a clear indication that it was the defendant’s automobile which struck the plaintiff’s, and not the other way around. The trial judge states that the testimony of the policeman did not in any way assist either party and therefore he apparently disregarded the policeman’s testimony. We think he committed error in so deciding. The police officer’s testimony is highly relevant since, insofar as we can determine from the record, he was the only totally disinterested witness who could testify as to how the accident occurred. It in fact was of great help to the plaintiff, since it corroborates her version of the event.
The trial judge also makes mention of contributory negligence on the part of plaintiff in that she started from a parked position a short distance from the intersection and proceeded through the intersection without observing the defendant’s vehicle. At the outset we must note that the plaintiff was not in a parked position, but had merely pulled to her right in order to allow an oncoming vehicle to pass through the portion of street made narrow by the circumstance of vehicles being parked on both sides. Immediately after the oncoming vehicle had passed she proceeded along her way at a proper rate of speed on a right of way street. The fact that she did not see defendant’s automobile could easily be accounted for by the presence of the public service truck which all parties agreed was parked on her left, and defendant’s right, only a few feet from the intersection. We. therefore are not disposed to say that the plaintiff was not keeping a proper lookout. It is well settled in our jurisprudence that unless he fails to keep a proper lookout, a motorist traveling on a right of way street has the right to assume that traffic approaching an intersection from a less favored street will observe the law and not violate the former’s right of way. Ballaron v. Roth, La., 221 So.2d 297, and cases cited therein. In view of the above it cannot be said that the plaintiff was guilty of contributory negligence. Hence, while mindful of the great weight to which the trial court’s findings of fact are entitled, we are forced to conclude that the trial judge committed manifest error in his findings that the plaintiff had failed to carry her burden of proof and that she was contributorily negligent. We find instead that the plaintiff succeded in proving that the sole proximate cause of this accident was the negligence of the defendant.
As a result of the injuries she received-in the accident, which consisted, according to her testimony, of pain in the neck and back and assorted bruises on the knees and arms, plaintiff was taken to Ochsner Foundation Hospital, examined, and released four hours later. She states that she was told to acquire a heat lamp and give herself heat treatments on the neck and back. She further states that she was told to take medication for her pain. The physi-ician who treated the plaintiff was deceased at the time of trial and hence no medical testimony was heard. Because she was an employee of Ochsner she received certain discounts and courtesy treatment. In all plaintiff was able to prove only an expenditure of $10.00 in her medical treatment as a result of this accident.
Plaintiff testified that she spent two weeks in bed and a third at home ana so lost three weeks pay at $60.00 per week. Her testimony in this regard is corroborated by two witneses, her son and a close friend. She had accumulated five days of sick pay and so actually lost only two weeks’ pay. Nevertheless under our jurisprudence she is also entitled to recover the other week since it was charged against the sick leave time she had accumulated. Small v. Lyons, La., 198 So.2d 475.
 Plaintiff testified that after her initial visit to the hospital she returned four or five times for treatment and re *803 ceived additional courtesy treatment while on the job following her return to work at Ochsner. She states that she suffered serious pain for some two months following her return to work and continued taking the pain medication for about one year. It is clear to us that plaintiff sustained some injuries from the accident herein, even though she presented no expert medical evidence in connection therewith. Her failure in this respect was due to the demise of her treating physician. We are not inclined to reject her demands because of this development for which she is not responsible. The facts of the accident, her testimony in connection with her injuries and suffering, together with the corroboration of lay witnesses to her confinement, all of which was uncontraverted, justify an award in her favor for pain and suffering. In view of all the circumstances of this case we think that an award of $750.00 for these claims will do substantial justice herein.
Concerning property damage to Mrs. Walker’s vehicle it was stipulated that should judgment be rendered in favor of plaintiffs that Mrs. Walker would be entitled to the sum of $100.00 representing the deductible portion under her collision insurance policy and plaintiff collision insurer Mid-States Insurance Company would be entitled to the sum of $420.63, representing the remainder of the loss.
For the foregoing reasons the judgment of the trial court is reversed and it is hereby ordered, adjudged and decreed that there be judgment herein against defendants Joseph A. Parker, Sr., as administrator of the estate of his minor son Joseph A. Parker, Jr., and against Joseph A. Parker, Sr., individually, in solido, and in favor of the plaintiff Mid-States Insurance Company in the amount of $420.63; and in favor of the plaintiff, Mrs. Catherine M. (Walker) Akens in the amount of $1,040.00; both awards to carry legal interest from date of judicial demand. All costs in both courts to be borne by defendants-appellees.
Reversed.