BLANCHE, Judge.
This is a devolutive appeal taken by plaintiff, Horace G. Pepper, from a judgment rendered in his favor and against defendants, Grady Edgar Glover and The Travelers Insurance Company, in the principal sum of $2,599.62. Plaintiff appealed contending the award of $1,800 general damages was inadequate; defendants answered the appeal averring the award of $1,800 as general damages was excessive, and contending further that the trial court erred in awarding plaintiff the sum of $664.62 as an item of special damage. Finding no manifest error committed by the trial court in any respect, we affirm.
At the conclusion of the trial the trial court rendered the following pertinent Oral Reasons for Judgment:
“In this case it was established by stipulation at the pre-trial conference that it was the negligence of Grady Edgar Glover that caused the accident which formed the basis of this suit. The only thing really before the court this morning was the amount of damages, if any, owed by the defendant to the plaintiff.
“The facts show that Mr. Pepper was injured while on a business trip to New Orleans when the automobile in which he was traveling was struck in the rear. Mr. Pepper received a blow to the head, chest and knee. The blows to the head and knee were minor in nature. The blow to the chest is something else.
*270 “Mr. Pepper had seen Dr. Reynolds at the Baton Rouge Clinic about two weeks prior to the accident, at which time x-rays of the chest were taken and indicated that he was suffering from bronchitis. The day after the accident he was seen again by Dr. Reynolds at the Baton Rouge Clinic at which time a diagnosis of probable pneumonia was made. He was seen four different times during the month of January after the diagnosis of pneumonia had positively been made. On January 23d there was some residual still present, and even up through February 15th, the date that he was discharged by Dr. Reynolds, some residual was found in the x-rays. Upon observation of the x-rays it was readily apparent that there was still scarring in the left lung on February the 15th.
“Dr. Reynolds was of the opinion that trauma to the chest such as Mr. Pepper, complained of can produce pneumonia and he felt that in this case it was highly probable that the pneumonia suffered by Mr. Pepper was caused by the accident. The court concurs in this opinion.
“Mr. Pepper returned to work on January the 23d, approximately eighteeen days after the accident. He testified that he had had fever up until a day or two prior- to his return to work. He also testified that he was in a weakened condition for some time thereafter. Having myself suffered from pneumonia, I can sympathize with Mr. Pepper. I know that it does take some time to fully regain your strength after you have had a bout of pneumonia.
“The court feels that Mr. Pepper is entitled to receive in specials the sum of $117.00 for the Baton Rouge Clinic and $18.00 for drugs. The court also feels that he is entitled to the amount of his accrued sick leave of $664.62. Mr. Pepper is a long-time career employee with the State of Louisiana and there is no doubt in the court’s mind that his sick leave is a valuable property to him and does in fact have something to do with the computation of his retirement benefits. The amount of specials, therefore, comes to $799.62.
“The court feels that an award of $1,800.00, in addition to his specials for the pain and suffering that Mr. Pepper suffered as a result of the accident, is a just and reasonable award.” (Oral Reasons for Judgment)
In support of plaintiff’s contention that the award of general damages is inadequate, plaintiff cites Currie v. Government Employees Insurance Company, 90 So.2d 482 (La.App. 2d Cir. 1956), and Sisson v. Home Indemnity Company, 143 F. Supp. 108 (W.D.La.1956), affirmed 244 F.2d 568 (Court of Appeal, 5th Cir. 1957). Our review of the evidence, however, reflects that the injuries dealt with in those two cited cases were more numerous and severe in nature than the injuries sustained by plaintiff in the instant case.
Conversely, defendants cite the cases of Lotz v. Jamerson Hardware Store, 211 So.2d 391 (La.App. 4th Cir. 1968), Guidry v. St. Paul Fire & Marine Insurance Company, 216 So.2d 659 (La.App. 3rd Cir. 1968), and Trosclair v. Higgins, 216 So.2d 558 (La.App. 4th Cir. 1968), in support of their contention that the award of general damages in the instant case is excessive, in which three cases the appellate court permitted awards of general damages in the respective sums of $1,000, $800 and $1,200. Again, we are satisfied that none of these cited cases is comparable in all pertinent respects to the instant case.
The trial court possesses great discretion in assessing awards of damages, LSA-C.C. art. 1934(3); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963), and we are satisfied from our review of the record that the trial court did not abuse this discretion and that the award of $1,800 general *271 damages for the injuries sustained by plaintiff and related pain and suffering is neither inadequate nor excessive.
We are further satisfied that the trial court did not err in awarding plaintiff the sum of $664.62 representing the stipulated amount of pay he would have earned but for his absence from work as a result of the accident, which sum plaintiff, nevertheless, received from his employer by virtue of accumulated sick leave. Plaintiff testified that he was permitted to accumulate sick leave, which accumulated sick leave, if not dissipated, would be taken into account in calculating his retirement benefits, (Record, p. 68)
It has long been established in Louisiana jurisprudence that a tortfeasor cannot avail himself of the fact that a plaintiff was paid wages during his absence from work by his employer as a result of the t plaintiff-employee’s accumulated sick leave. This was made clear in the early case of Chandler v. F. Strauss & Son, 194 So. 133, 135 (La.App. 2d Cir. 1939), certiorari denied:
“ * * * The record makes it clear that Mrs. Chandler lost, on account of her injuries, at least seventeen days from her work, and that she was employed by the National Youth Administration of the United States Government, at a salary of $225 per month, which is the equivalent of $7.50 per day. There is no dispute over this fact. But because the government paid her for the seventeen days, defendants • contend that she lost nothing on account of her inability to work. The facts are, however, that she has lost.
“An administrative official of the government is entitled to one and one-fourth days per month sick leave and annual leave. It is optional with the official as to when he or she will take this annual leave. In the case of Mrs. Chandler, she had allowed her leaves of absence to accumulate until at the time of the accident she had sufficient accumulated time coming to her to carry her over the seventeen days. However, if she should have become ill after this time, her sick leave would have been used up and she would have had to suffer the loss of salary. Also, if she does not become sick, her spring vacation which she intended taking on the accumulated leaves of absence she had, will be, if at all, on her own time without pay. The defendants are without right to have credit for the accumulated time she had acquired by depriving herself of the leaves of absence allowed her at regular intervals.” (Emphasis supplied)
See also, Mid-States Insurance Company v. Parker, 232 So.2d 799 (La.App. 4th Cir. 1970); Harney v. Kountz, 218 So.2d 913 (La.App. 4th Cir. 1969); Small v. Lyons, 198 So.2d 475 (La.App. 2d Cir. 1967) ; Vogt v. Hotard, 144 So.2d 714 (La.App. 4th Cir. 1962), certiorari denied.
We see no reason why the liability of the defendants should be reduced merely because plaintiff dissipated accumulated sick leave in order to avoid actually losing earnings while absent from work as a result of the accident. As stated by the Second Circuit Court of Appeal in Central Louisiana Telephone Company v. Green-Snider Construction Company, 228 So.2d 73, 76 (La.App. 2d Cir. 1969):
“Civil Code Article 2315 provides for the repair of damage by the one who causes it. The right to recover damages is a property right. Our statutes do not permit a wrongdoer to take advantage of a collateral source of compensation that may be available to the injured party. See Thomas v. Paper Haulers, Inc., 165 So.2d 61 (La.App.1964); Doerle v. State of Louisiana, Through Dept, of Highways, 147 So.2d 776 (1962).”
The judgment appealed from is affirmed, with one half of the costs of this appeal to be borne by plaintiff and the other half of the costs of this appeal to be borne by defendants.
Judgment affirmed.