265 So.2d 352 (1972)
William F. DUNLAP
v.
Eduardo ARMENDARIZ and Members Mutual Insurance Company.
No. 4948.
Court of Appeal of Louisiana, Fourth Circuit.
June 20, 1972.
*353 Arnold & Giepert, Melvin J. Giepert, New Orleans, for plaintiff-appellee.
Drury, Lozes & Curry, James H. Drury, H. Edward Weidlich, Jr., Elmore P. Becker, New Orleans, for defendants-appellants.
Before CHASEZ, STOULIG and BOUTALL, JJ.
STOULIG, Judge.
This appeal is from an adverse jury verdict awarding plaintiff-appellee, William F. Dunlap, $10,461.81 as compensation for the damages he sustained in an accident with the defendant-appellant, Eduardo Armendariz. Appellant assigns as error the failure of the jury to find Mr. Dunlap contributorily negligent, or, in the alternative, that the quantum awarded is excessive.
This suit arises out of an intersectional collision which occurred at North Claiborne Avenue and Tupelo Street in New Orleans, Louisiana, on February 21, 1969, at approximately 8:40 p.m.
According to the appellee, he was operating his truck in the outbound, or river side, lanes of North Claiborne Avenue, the favored thoroughfare, and as he was proceeding through the intersection, the appellant's automobile suddenly emerged from the neutral area and struck the left front door of his truck. He did not see the Armendariz automobile until momentarily before the accident.
Mr. Armendariz testified that he was driving his automobile on Tupelo Street with the intention of completely traversing North Claiborne Avenue. As he drew abreast of the lake side of North Claiborne he came to a complete stop in obedience to a stop sign. He then proceeded to the neutral ground which separates the inbound and outbound lanes of North Claiborne and again came to a stop. As he entered the river side lane of North Claiborne he collided with the north side of the Dunlap truck. Though he looked to his right, Mr. Armendariz was unaware of the presence of the approaching truck until the moment of impact. Both of the passengers in his car testified that the truck was being operated without headlights on, but he was unable to confirm this circumstance. Mr. Dunlap disputed this allegation testifying that his lights were on, recalling that they were shining against a building on North Claiborne Avenue after the collision.
After hearing the testimony of all witnesses, the jury determined that the appellee's version more accurately reflected the actual occurrence of the accident. After reviewing the record we find there was a reasonable evidentiary basis for the jury's verdict on the issue of negligence. Of necessity, then, we conclude that no manifest error was committed. Under the well-settled jurisprudence the findings of fact of the trial jury must therefore remain undisturbed.
Appellant questions the reasonableness of the damages awarded to Mr. Dunlap for his injuries and related expenses in *354 connection with treatment. Mr. Dunlap suffered a cervical and thoracic sprain and some soft tissue damage to his left arm and left rib cage. His treating physician diagnosed the cervical sprain as moderately severe, finding objective evidence of muscle spasm. Mr. Dunlap was hospitalized for 18 days, from March 19, 1969, to April 5, 1969, for treatment in the form of traction and hot showers. He continued this treatment at home for some four months after his release from the hospital.
A neurosurgeon who consulted in the treatment of Mr. Dunlap also testified to objective findings of muscle spasm and straightening of the lordotic curve, and characterized the cervical sprain as moderate. Furthermore, this specialist assigned a 10-percent permanent disability with the likelihood of exacerbation and remission of associated soreness which could be self-treated with some type of mild pain suppressor.
This injury was sufficiently disabling to prevent Mr. Dunlap from working for four and a half months. The plaintiff testified that he experienced severe pain and headaches for this entire four-and-a-half-month period, and frequently thereafter, and that he continued intermittent use of traction at home for over one year. Additionally, Mr. Dunlap suffered a recurrence of severe pain in October of 1970 sufficient to cause him to miss another week of work. This flare-up was confirmed by the treating physician's finding of muscle spasm sufficient to warrant the issuance of a cervical collar.
Citing Fenerty v. Culotta, 80 So.2d 537 (La.App.Orl.1955), appellant challenges Mr. Dunlap's right to an award for his lost wages that were compensated by annual and sick leave. Recent cases have clarified that a plaintiff is allowed to recover wages compensated by sick leave or annual leave that is accumulated. The rationale is that the plaintiff's forced present use of this leave precludes its future use and prejudices whatever credits might have inured to plaintiff's benefit upon retirement because of its accumulation. See Pepper v. Glover, 241 So.2d 269 (La.App. 1st Cir. 1970); Mid-States Insurance Company v. Parker, 232 So.2d 799 (La.App. 4th Cir. 1970); and Harney v. Kountz, 218 So.2d 913 (La.App. 1st Cir. 1968).
Based upon Mr. Dunlap's work record and hourly wage, he sustained a salary loss of $3,250. The appellants have stipulated medication receipts of $319.70, X-ray costs of $75, doctor's fees of $330, and hospitalization charges of $603.36. In addition, Mr. Dunlap sustained property damage of $461.81. The total of these special damages is $5,389.87 which when deducted from the total award of $10,461.81 leaves a balance of $5,071.94, representing that portion of the award which we assume the jury allowed for pain and suffering. Our review of similar cases[1] convinces us that, while the award may be liberal, it is not excessive. No manifest error committed, the jury's verdict is affirmed. All costs are to be borne by appellants.
Affirmed.
NOTES
[1] Groom v. T. E. Mercer Trucking Co., 253 So.2d 586 (La.App. 3d Cir. 1971); Maurer v. Fidelity and Casualty Co. of New York, 244 So.2d 260 (La.App. 3d Cir. 1971); Guy v. Egano, 236 So.2d 542 (La.App. 4th Cir. 1970 (writ refused)); Powell v. Allstate Insurance Company, 233 So.2d 38 (La.App. 2d Cir. 1970); Arnold v. Patterson, 224 So.2d 820 (La.App. 4th Cir. 1969 (writ refused)); Pelas v. Gulf Oil Corporation, 222 So.2d 581 (La.App. 4th Cir. 1969); Harney v. Kountz, supra.