No. 917

First Circuit

VINTON PETROLEUM CO. v. L. SEISS OIL SYNDICATE, INC.

(February 8, 1932. Opinion and Decree.)
(March 8, 1932. Rehearing Refused.)

C. R. Liskow, of Lake Charles, attorney for plaintiff, appellee.

Moss & Siess, of Lake Charles, attorneys for defendant, appellant.

MOUTON, J. Plaintiff company and defendant syndicate had each a derrick near the dividing line between their oil leases standing at a distance of about seventy or eighty feet from each other. Plaintiff's derrick was constructed of steel, that of defendant of wood.

Jesse Burton was employed by defendant to remove this wooden derrick of defendant and to replace it by another. While Burton was endeavoring to remove it, the derrick broke about forty feet above its foundation and its top fell on the crown of plaintiff's derrick, completely demolishing it.

This suit is brought by plaintiff for $1,275 for the destruction of its derrick with legal interest, for which judgment was rendered in its favor.

Defendant appeals.

Plaintiff alleges that defendant company had allowed this wooden derrick to stand on its property for a long period of time, without being repaired; that it had rotted, was decayed and dangerous; that when defendant attempted to remove it from its location, because of its rotten and decayed condition, it fell on plaintiff's steel derrick and wrecked it completely.

In the alternative, plaintiff avers that if the destruction of defendant's derrick was not caused by its decayed condition, it was allowed to fall on plaintiff's derrick through the lack of care and negligence of defendant in endeavoring to remove it.

After denying all of the foregoing allegations, defendant company answered that Jesse Burton, who undertook to remove the derrick, under its agreement with defendant, was an independent contractor.

The rules of law governing the issues presented under the pleadings are simple enough, the difficulty arising as usual in correctly applying them to the facts of the case.

We will consider the questions submitted in their reverse order and will therefore, first consider the defense as to whether defendant can shield itself from responsibility under its plea that Burton was an independent contractor.

The proof shows that the contract for the removal of defendant's derrick was made between Burton and Savoie, the representative of defendant company.

There were only two ways, the evidence shows, that could be followed in removing the derrick. One was by tearing it down, and the other was by pulling it down.

Burton says the derrick was in a condition that made it dangerous to tear it down.

Savoie, field representative of defendant who entered into the contract with Burton, as hereinabove stated, says before entering into the agreement they both examined the derricks, and looked at the distance "he had to move the other derrick and where this one (meaning defendant's derrick) would be throwed." He says also that he does not remember that he spoke to Burton about tearing the derrick down. "The understanding," he says, "was to throw it down and clear just enough of the foundation to put the new derrick in place."

That understanding or agreement constituted the contract between defendant company and Burton. It is clear from that agreement that he was to "throw down" the derrick and was not to tear it. The method of its demolition was therefore not left to the choice or discretion of Burton as it had been provided for in the contract itself. As the particular method which was to be pursued in demolishing the derrick resulted from the direct act of defendant, as expressed in its agreement, Burton was not an independent contractor; and defendant cannot find shelter from responsibility under that defense. Faren, Tutrix, v. Sellers & Co., 39 La. Ann. 1011, 3 So. 363, 4 Am. St. Rep. 256.

The next question is as to whether the damage resulted from the decayed or rotten condition of defendant's wooden derrick.

This part of plaintiff's complaint is based on the provisions of article 2322, Civil Code, which says:

"The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it," etc.

Burton testifies that sometimes derricks are dismantled a piece at a time, but that this derrick was old, and that he "hardly ever took one down that way when it is rotten."

The evidence shows that this wooden derrick was five or six years old; that derricks of that age are sometimes repaired, and then go "on seven or eight years" before they are "discarded" altogether.

As it had been standing in the oil field some five or six years, it is not rash to say that decay had obviously set in when defendant undertook its removal. The fact is that after the derrick had fallen, Gribble, production foreman for plaintiff company, visited the scene of the accident, and says that he picked up pieces of the derrick which "were very rotten." More than that, Savoie testifying for defendant company, says that a few days before the derrick was pulled down he worked on it on a tubing job. He was asked: "Didn't that work convince you that the derrick needed removing before it was rotten?" He answered: "It did either removing or repairing. I knew it was time to have something done with it." Then he goes on to add that a wooden derrick after eight or nine years would have "something rotten about it."

It was shown that a cable was attached to the top of this derrick, which, with the protection of guy wires adjusted by Burton, was pulled on defendant's side of the oil field. If it had been a new derrick or not rotten, the proof shows it would have fallen on that side and that no damage would have resulted to plaintiff's derrick. Instead of following the pull given to it, the derrick broke in two, about thirty feet

above its foundation and its top fell on the other derrick causing its demolition. The cause of the break and its toppling over on plaintiff's derrick, the record shows, was due to its decayed or rotten condition. The way it fell is a circumstance which strongly corroborates the testimony of Burton and Gribble that it was rotten, justifying the remark of Savoie, witness for defendant, that he "knew it was time to do something with it."

The conclusion of fact, from the foregoing considerations, is therefore inescapable that the derrick was decayed or rotten at the time Burton attempted to remove it.

In the case of Rock v. American Const. Co. et al., 120 La. 831, 45 So. 741, 742, 14 L. R. A. (N. S.) 653, the court recognized the principle of respondeat superior as not extending, as a rule, to cases of independent contracts. In recognizing that doctrine, the court however, quoting from Dillon, Municipal Corporations, and other authorities, said it was important to bear in mind that the general rule above cited in reference to independent contractors "does not apply when the contract directly requires the performance of a work intrinsically dangerous, however skilfully performed. In such case the party authorizing the work is justly regarded as the author of the mischief resulting from it, whether he does the work himself or lets it out by contract."

Here, although the work was perhaps skilfully performed, it was evidently "intrinsically dangerous," as it appears that the derrick was rotten; that Burton considered that its removal was dangerous to the workmen; that the defendant company so viewed the situation as its contract made through Savoie provided that in removing it, the derrick should not be torn down but should be pulled down.

Not only was the derrick intrinsically dangerous, but its precarious condition was known to Savoie, field representative of defendant, who said that, in tubing the well over while it stood a few days before it toppled over, he "knew it was time to have something done with it."

Even if Burton was an independent contractor, as the contract required the performance of a work intrinsically dangerous, though skilfully performed, defendant having authorized the work must "justly be regarded as the author of the mischief resulting from it."

Defendant's counsel in their brief say that when an independent contractor is employed, the contractee is not responsible, unless the work is inherently dangerous, which we find to have been the case for the reasons hereinabove stated. Counsel further say that if the work could be done without probable injury except for negligence in the manner it is done, no liability attaches to the contractee. In so far as is disclosed by the record, Burton was not chargeable with negligence in the method he pursued in dismantling the derrick, as he was following the terms of his contract with defendant company. Counsel further say that the cause of the damage lies in the fact that the cable was negligently attached to the derrick, without which the accident would not have happened. The record does not support that contention, but shows that the cause of the damage was due to the decayed and rotten condition of the derrick and to no other cause.

Counsel for defendant have submitted a well-prepared and able brief, but after a careful study of the evidence and the law applicable thereto, we are unable to find any error in the judgment appealed from, which is therefore affirmed with cost.