183 So.2d 75 (1966)
Thomas FONTENOT, Individually and for and on Behalf of the minor, Kay Lynn Fontenot, Plaintiff-Appellee,
v.
Richard Arlen SARVER, Defendant-Appellant.
No. 1648.
Court of Appeal of Louisiana, Third Circuit.
February 15, 1966.
Hall, Raggio & Farrar, by Charles Barry Hillebrandt, Kaufman, Anderson, Leithead, Scott & Boudreau, by Robert J. Boudreau, Lake Charles, for defendant-appellant.
Lloyd E. Hennigan, Jr., Lake Charles, for plaintiff-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
SAVOY, Judge.
This is an action in tort instituted by plaintiff individually and on behalf of his minor daughter, age two and one-half years, against defendant, resulting from the loss of a finger by the minor when she placed *76 her hand in a window fan which was operating in a room of a home rented to John Oliver by defendant. After a trial on the merits, the district judge awarded plaintiff damages on behalf of his daughter in the sum of $4,000.00, and also special damages in the sum of $228.50. From this judgment defendant has appealed.
There was a dispute between the parties as to when the window fan was placed in the leased premises and who placed said fan in the premises. Plaintiffs contend the fan was installed in the window of the dwelling when they moved there. Defendant says he does not own the fan, does not know when or by whom it was installed, and had no knowledge of it. The trial judge decided this question of fact in favor of plaintiff.
Plaintiff's action is based on the provisions of LSA-Civil Code Articles 670 and 2322.
These articles read as follows:
"Art. 670. Keeping buildings in repair
"Everyone is bound to keep his buildings in repair, so that neither their fall, nor that of any part of the materials composing them, may injure the neighbors or passengers, under the penalty of all losses and damages, which may result from the neglect of the owner in that respect."
"Art. 2322. Damage caused by ruin of building
"The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."
The rules of law applicable are set forth in the case of Murphy v. Fidelity Casualty Company of New York, (La.App., 2 Cir., 1962), 138 So.2d 132; and Murphy v. Fidelity Casualty Company of New York, (La.App., 2 Cir., 1964), 165 So.2d 497; and cases cited therein. These cases are to the effect that a property owner will be required to answer in damages for a failure to keep his property in such condition of repair that it is not dangerous to other persons. Also, that neither ignorance of the condition of the building nor the circumstances that the defect could not be easily detected can be successfully urged as a defense by an owner of a building in an action where damages sought are caused by neglect to repair.
The term "ruin" as used in LSA-C.C. Art. 2322, making the owner of a building answerable for damages occasioned by its ruin, is applicable to defects in parts and appurtenances to the building.
The question for determination in this case is whether an unguarded window fan in a home is such a vice or defect as to hold the owner of a residence responsible for injuries sustained by a third person, a minor in the instant case, under the provisions of LSA-C.C. Arts. 670 and 2322.
The facts in this case are that plaintiff, his wife and minor daughter, were visiting in the Oliver home on the day of the accident in question. The minor went in the room where a large window fan was in operation without any guard or protection in front of same; that said minor child placed her hand in the fan, and as a result, one of her fingers was amputated.
Neither counsel has cited this Court with a similar case. The Murphy cases, supra, are somewhat similar. In those cases defective electric wiring was placed on the premises. Decedent came in contact with said wiring and was electrocuted. His widow and son were allowed to recover from the owner of the premises.
We are of the opinion that the trial judge correctly held that the unguarded window fan on the premises constituted such a trap or vice as to hold the homeowner liable for damages suffered to the *77 minor daughter and to plaintiff in the instant case.
There has been no issue raised as to quantum.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.