**Wade H. MARLOWE, Jr., Plaintiff-Appellant,**

v.

**GARDEN SERVICES, INC., Defendant-Appellee.**

No. 27112.

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

April 18, 1969.

474

Owen G. Roberts, Jr., Jack M. Thornton, Roberts & Thornton, Columbus, Ga., for plaintiff-appellant.

Forrest L. Champion, Jr., Kelly, Champion & Henson, Columbus, Ga., for defendant-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ In this diversity case, appellant brought an action for damages for personal injuries allegedly sustained as a result of appellee's negligence. The jury awarded appellant $105 in damages, and this appeal followed wherein appellant seeks a remand of the matter for a new trial, being dissatisfied with the amount awarded.[1]

■ Appellant contends that the District Court erred in charging the jury on the issues of comparative negligence, contributory negligence, and avoidance of the consequences of appellee's negligence. The thrust of appellant's objections to these charges is that there was no evidence in the record of any negligence on appellant's part, and thus that these charges were not authorized by the evidence. See, e. g., Jackson v. Southern Railway Company, 5 Cir., 1963, 317 F.2d 532; Flentie v. American Community Stores Corporation, 8 Cir., 1968, 389 F.2d 80, 82. The record discloses that appellant was injured when a heavy shutter fell on him as he was purchasing soft drinks at appellee's refreshment stand. Witnesses for appellee testified that the shutter was lowered slowly and that two of appellee's employees requested appellant to move. Appellant and his companion at the time of the injury testified that the shutter was dropped quickly and that no warning was given. In view of this conflict, we find that there was sufficient evidence to authorize the Trial Judge's instructions on the negligence issues referred to. See Louisville & Nashville Railroad Company v. Byrd, 5 Cir., 1962, 298 F.2d 586; Suggs v. National Homes Corporation, 5 Cir., 1962, 308 F.2d 105.

■ Appellant also asserts that there was insufficient evidence to support the Trial Court's charge on the theory of "pure accident." Since the jury's verdict was in appellant's favor, any error as to this issue was harmless. Rule 61, Fed.R. Civ.P. See generally 7 Moore, Federal Practice ¶ 61.09 (2d ed. 1968).

■ Finally, appellant attacks the jury's verdict on the ground that the award of $105 in damages was "grossly inadequate" and less than the "undisputed" amount of special damages. However, considering all the circumstances of the case, and as to special damages for loss of wages that the jury could have believed that appellant's injuries were so slight as not to justify losing time from his employment, the evidence was sufficient to sustain the jury's verdict and its award of damages, and will not be disturbed. See Rosiello v. Sellman, 5 Cir., 1965, 354 F.2d 219.

Affirmed.

---

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Floyd v. Resor, 5 Cir., 1969, 409 F.2d 714, n. 2; Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, n. 12.