**Lankford J. McILWAIN, Plaintiff-Appellee,**

v.

**PLACID OIL COMPANY et al., Defendants-Appellants.**

No. 72-2387
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 23, 1973.

Rehearing Denied Feb. 14, 1973.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

W. K. Christovich, New Orleans, La., for defendants-appellants.

Reginald T. Badeaux, Jr., New Orleans, La., for plaintiff-appellee.

John R. Peters, Jr., New Orleans, La., for McDermott.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

GEWIN, Circuit Judge:

In December of 1969 Lankford McIlwain unexpectedly plummeted into the Gulf of Mexico and was seriously injured when a section of the grated deck of an offshore drilling platform upon which he was working gave way beneath his feet. At the time McIlwain was a seaman employed by the Penrod Drilling Company (Penrod); his crew had been assigned to work on the offshore platform in order to fulfill a drilling contract Penrod had made with the Placid Oil Company (Placid). The platform from which McIlwain fell had been constructed and installed for Placid by J. Ray McDermott & Company, Inc. (McDermott) in 1960. McIlwain sued Penrod, Placid and McDermott basing his claim on several theories of liability. The jury rendered a substantial verdict for him upon which the court rendered judgment against Placid and Penrod. The jury absolved McDermott of all negligence.

The section of grating which gave way was one of four sections of the platform floor which had been cut out by McDermott in 1960 in order to make installation possible and which after installation should have been welded back into place in order to provide a uniform, stable floor where work could be safely performed. The question we must now consider is whether from the evidence adduced at the trial of this case reasonable men could arrive at no other conclusion but that McDermott failed to weld the section of grating from which McIlwain fell firmly into place after it installed the platform in 1960. We find that such a conclusion was not mandated by the evidence and therefore affirm the judgment of the district court.

Seeking to recover damages for the severe injuries the fall caused him,

McIlwain brought this action against Penrod, his employer, Placid, the owner of the platform, and McDermott, the constructor of the platform. McIlwain contended that Penrod as an employer of seamen was liable to him under the Jones Act [1] because Penrod's "man in charge" of the drilling operation on the platform knew that sections of the grated deck were routinely cut out during installation yet negligently failed to make a careful inspection of the platform before sending the crew aboard to work. Since a careful inspection of the platform might have uncovered the defective grating in time to prevent the accident, Penrod's negligent failure to make such an inspection allegedly contributed at least in some small part to McIlwain's injuries.

McIlwain's case against Placid and McDermott was based on the Louisiana law of negligence.[2] Placid was allegedly liable under Articles 2315 and 2322 of the LSA–Civil Code.[3] Article 2315 has been interpreted to impose upon a property owner the duty, owed to all persons rightfully on his property, to discover all reasonably discoverable defects on his property and either to warn the invitee or correct them;[4] breach of this duty is regarded as negligence. McIlwain asserted that under Article 2315 Placid was responsible for his injuries because its negligent failure to discover the defective grating resulted in its failure to repair the grating prior to plaintiff's fall. Article 2322 imposes strict liability upon the owner of a "building" [5] for any damages occasioned by the ruin of the structure if the ruin is caused by the owner's failure to repair it or is the result of a defect in the original construction of the structure. Under Article 2322 Placid was allegedly liable because the defective grating (the "ruin" which caused plaintiff's injuries) resulted from either a failure to repair or a defect in the original construction. Article 2315 also provided the statutory underpinning for McIlwain's cause of action against McDermott; under Article 2315 a person injured by a defect in a building may recover from the contractor who constructed the building if the defect was created by the contractor's negligence. McIlwain contended that McDermott negligently created the defective grating from which he fell when it failed to weld the grating securely back into place after installing the platform. When joined as a defendant in this suit, Placid filed a third party complaint for indemnification against McDermott, arguing that any liability it incurred would be of a technical nature and that the active negligence of McDermott in creating the defective grating was the real cause of plaintiff's injuries.

The case was tried before a six man jury, and the liability question was submitted to it in the form of special interrogatories. The jury returned a verdict finding both Penrod and Placid negligent; it also found Placid liable

---

1. 46 U.S.C. § 688. Under the Jones Act the employer of seamen is liable if his negligence played any part, even the slightest, in producing the injury or death for which damages are sought. Ferguson v. Moore-McCormack Lines, Inc., 352 U.S. 521, 77 S.Ct. 457, 1 L.Ed.2d 511 (1957).

2. The Outer Continental Shelf Lands Acts makes Louisiana law applicable to fixed offshore platforms. Rodrigue v. Aetna Casualty & Surety Company, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969).

3. Article 2315 in pertinent part provides: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

Article 2322 provides:
"The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction."

4. See, e. g., Simoneaux v. Copolymer Rubber, 189 So.2d 745 (La.App. 1st Cir. 1966).

5. A fixed offshore drilling platform is considered a building for purposes of Article 2322. See, e. g., Vinton Petroleum Co. v. L. Seiss Oil Syndicate, Inc., 19 La.App. 179, 139 So. 543 (1st Cir. 1932).

under Article 2322 because McIlwain's injuries were occasioned by ruin caused by Placid's failure to repair.[6] The jury, however, absolved McDermott of responsibility by finding it not negligent. Accordingly, the trial court rendered judgment in favor of McIlwain against Penrod and Placid and dismissed his suit against McDermott as well as Placid's third party claim for indemnity against McDermott.

On appeal Penrod and Placid present six issues for review.[7] But pared to their core, these issues are in reality only two, i. e. whether the responses of the jury to the special interrogatories were inconsistent and whether the evidence permitted the jury to conclude that Penrod and Placid were liable but that McDermott was not. Neither issue requires extensive discussion.

■ Penrod and Placid contend that the verdict is inconsistent insofar as the jury found them liable while at the same time finding McDermott not negligent. It is argued that if they were liable for negligently failing to discover and repair the defective grating then McDermott must necessarily be liable for negligently creating the defect in the first place. But an objective review of the verdict as a whole makes it apparent that these findings are not necessarily inconsistent. Under the theories of negligence submitted to it in this case, the jury could quite logically have decided that the defect in the grating which Penrod failed to discover and which Placid failed to repair was not caused by negligent installation but instead by some intervening event. If such were the case, McDermott would be absolved of responsibility while Penrod and Placid would still be held accountable.

■ The next question is whether the evidence presented at trial so overwhelmingly supported a conclusion that the defect in the grating was the product of McDermott's negligence during installation that reasonable men were thereby precluded from arriving at a contrary result.[8] If not, then the jury's verdict—

---

6. In response to interrogatories 5 and 6 the jury found that either ruin from failure to repair, or a vice or defect in the original construction of the platform proximately caused McIlwain's injuries. However, immediately thereafter in answering another interrogatory, they found that McDermott was not negligent. Considering all of the jury's answers together, it is implicit in their findings that ruin from failure to repair was the source of McIlwain's injuries and not a vice or defect in the original construction. Any other reading of their verdict would render their findings inconsistent. See discussion of the inconsistency issue later in the opinion.

7. Summarizing from appellant's brief, these issues are: (1) whether the jury's finding of negligence on the part of Placid is supported by substantial evidence; (2) whether Placid is liable under Article 2322 by virtue of a defect in the original construction of the platform; (3) whether the contractor who installed the plat-

form can escape liability when the injury was caused by defective construction; (4) whether McDermott must indemnify Placid for actively creating the defect which caused Placid to be liable under Article 2322; (5) whether Penrod can be liable for failure to discover a defect created by the contractor when the contractor itself is not liable; and (6) whether the evidence and the jury's response to the special interrogatories require a finding that McDermott is liable for creating the condition which harmed the plaintiff.

The issues presented for review are essentially legal as distinguished from factual questions. We are in substantial agreement with the following quotation from the joint brief filed on behalf of Placid and Penrod:

"Seldom are there presented to a Court facts in a civil case which are so generally accepted by both sides."

8. Boeing Company v. Shipman, 411 F.2d 365, 374 (5th Cir. 1969).

that Penrod and Placid were liable but that McDermott was not—must stand.[9] A painstaking review of the record convinces us that while some of the evidence may have supported a contrary result there was other substantial evidence from which the jury might reasonably have concluded that the defect in the grating was caused by intervening events and not by negligent installation. For instance, one of Placid's own employees testified that some of the other removable sections of grating on the platform had once been welded into place and that one of them had later been cut out again. McDermott's employees testified that as a matter of company policy these actions of grating were invariably welded back into place after a platform was finished. The record discloses that after installation the platform underwent significant alterations by contractors other than McDermott, some being performed in the immediate vicinity of the defective grating from which McIlwain fell. There was no maintenance program for this platform, nor was it ever inspected for defects during the years following installation; other sections of the grating had been pried loose or bent out of shape. Upon this and other evidence disclosed by the record, and in the absence of any direct evidence to the effect that McDermott negligently failed to weld the removable sections of grating into place after it completed work on the platform, the jury could reasonably have decided that the defective grating was caused by something that happened after installation and that McDermott did not create the defect. The verdict reached by the jury being a reasonable one, it is not the function of this court to gainsay it. We hold that the district court properly entered judgment on the verdict.

Affirmed.

9. Of course, if the force of the evidence dictated the conclusion that McDermott negligently created the defect during installation of the platform, then the jury's verdict would be rendered inconsistent, and any judgment of the district court entered upon that verdict would be doomed. United States Fidelity and Guaranty Company v. Brian, 337 F.2d 881, 883 n. 3 (5th Cir. 1964).