Mrs. Gwendolyn L. MOCZYGEMBA et al., Plaintiffs,

Miss Vickie Leonard, Plaintiff-Appellant,

v.

DANOS AND CUROLE MARINE CON-TRACTORS, INC., Defendant,

Gulf Oil Corporation, Defendant-Appellee.

No. 75–3173.

United States Court of Appeals, Fifth Circuit.

Oct. 26, 1977.

Rehearing Denied Dec. 12, 1977.

Harold J. Lamy, New Orleans, La., for plaintiff-appellant.

Joseph J. Weigand, Jr., Houma, La., for Gulf Oil and Danos & Curole Marine Contractors.

Before GEWIN, RONEY and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

This case comes on appeal from a final judgment entered on a jury verdict by the United States District Court for the Eastern District of Louisiana. Miss Vickie Leonard, Plaintiff-Appellant ("Plaintiff"), brought an action against Defendants Danos and Curole Marine Contractors, Inc. and the Gulf Oil Corporation requesting payment for damages resulting from her father's death.

On January 1, 1972, Plaintiff's Decedent, Leander Leonard ("Decedent"), was employed by Danos and Curole Marine Contractors, Inc. as a gang-pusher and crane operator aboard a Gulf Oil Corporation stationary platform in the Gulf of Mexico. He was killed when the crane he was operating was pulled off its pedestals and fell over the side of the platform during an off-loading operation. Danos and Curole Marine Contractors, Inc. was dismissed from the action and the case was tried before a jury against Gulf Oil Corporation ("Defendant"). Plaintiff, as a major daughter of Decedent, requested ·damages for the conscious pain and suffering of her father prior to his death and loss of love and affection· as a result of his death. La.Civ.Code Arts. 2315, 2316. She further claimed in her suit that under the Louisiana Civil Code, Article 2322 was the appropriate law to be applied to the case and alleged that Gulf Oil Corporation failed to properly maintain the crane. La. Civ.Code Art. 2322. In response to interrogatories submitted, the jury found that the Defendant was negligent and that its

negligence was a proximate cause of the injury and death of Decedent. The jury also found that the Decedent was contributorily negligent and that his negligence was a proximate cause of the fatal accident. In accordance with the jury's verdict, a judgment was entered in favor of the Defendant and against Plaintiff.

On this appeal Plaintiff suggests three theories for reversal: (1) the trial court erred in failing to instruct the jury under Louisiana Civil Code, Article 2322—damage caused by ruin of building; (2) Decedent's mere contributory negligence, absent his prior full awareness of the defect is not a defense to "Ruin" under La.Civ.Code Art. 2322; (3) even if there were no errors in the trial court's instructions, Decedent's contributory negligence does not bar a survivor's claim for wrongful death against Defendant; a third party tortfeasor concurrently negligent. These three theories will be discussed in turn.

### Applicability of Article 2322 and the Effect of Decedent's Contributory Negligence.

While it is clear that the state law of Louisiana governs the tort action in this case,[1] the relevant Louisiana law and its application to these facts are somewhat unclear.[2]

Article 2322 of the Louisiana Civil Code provides:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it or when it is the result of a vice in its original construction.

Plaintiff urges on this appeal that the District Court erred in refusing to instruct the jury about Article 2322 and asks that the judgment be reversed and the case remanded for a new trial. We hold that, even assuming this omission to be error, it does not require reversal since the jury found the Decedent guilty of contributory negligence.

The existence of a "building" and its "ruin" are the threshold requirements of Article 2322. The Courts of Louisiana have interpreted Article 2322 broadly as encompassing necessary appurtenances to structures and to movables made immovable by attachment.[3] The inherent requirement is that there be a structure of some permanence. *Mudd v. Travelers Indemnity Co.*, 309 So.2d 297 (La.1975). Also, it is not necessary that the permanent structure be intended for habitation for it to be considered a "building" under Article 2322. *Cothern v. La Rocca*, 255 La. 673, 232 So.2d 473 (1970). The application of the "appurtenance doctrine" depends upon the nature of the attachment and the relationship to the premises.[4] The crane in the case on appeal was welded to the deck of the platform and was used in ongoing operations. Thus it appears that the "appurtenance doctrine" applies. The crane was appurtenant to the platform. And, a fixed offshore drilling platform is considered a building for purposes of Article 2322. *McIlwain v. Placid Oil Co.*, 472 F.2d 248 (5th Cir.), *cert. denied*, 412 U.S. 923, 93 S.Ct. 2734, 37 L.Ed.2d 150 (1973), *citing, Vinton Petroleum Co. v. L. Seiss Oil Syndicate, Inc.*, 19 La.App. 179, 139 So. 543 (Ct. of App. 1932). Once the "building" criterion is met, in order for liability to attach under Article 2322 the damage complained of must have been caused by "ruin." "Ruin" for purposes of Article 2322 means the fall or collapse of a

1. Under the *Lands Act*, federal law, supplemented by the law of the adjacent state not inconsistent with federal law is to be applied to artificial islands such as the platform in this case. Outer Continental Shelf Lands Act, 43 U.S.C.A. § 1331 et seq. (1953). *Rodrique et al. v. Aetna Casualty & Surety Co. et al.*, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1968).

2. The issue of liability under Article 2322 has troubled this court before. *See Arcement, et*

*al. v. Southern Pacific Transportation Co.*, 517 F.2d 729, 732 (5th Cir. 1975).

3. *See generally*, Comment, *Article 2322 and the Liability of the Owner of an Immovable*, 42 Tul.L.Rev., 178 (1967).

4. *See e. g., Adamson v. Westinghouse Electric Corp.*, 236 So.2d 556 (La.Ct. of App. 1970) (elevator); *Fontenot v. Sarver*, 183 So.2d 75 (La.Ct. of App. 1966) (window fan).

substantial component of the structure resulting from a "neglect to repair." La.Civ. Code Art. 2322.[5] Under Louisiana law the owner, here Defendant, is not subject to liability without fault for all damages occasioned by a defective condition on the premises but only for damage occasioned by "ruin."[6]

If the crane involved in the case on appeal is considered sufficiently appurtenant to the platform, which itself is considered a "building," the criteria for liability under Article 2322 seem to be satisfied. It is tragically obvious that there was a fall or collapse when the crane toppled into the Gulf of Mexico. And the crane is certainly a more significant portion of the platform than the grating which gave way in *McIlwain v. Placid Oil Co., supra.* The District Court's refusal to instruct the jury concerning liability under Article 2322 is somewhat puzzling,[7] especially since there was sufficient evidence on which the jury could and did find Defendant negligent as a proximate cause of the fatal accident.

■ However, even assuming that the District Court erred in failing to deliver the requested instruction, such an error was, at most, harmless to Plaintiff. In addition to finding the Defendant guilty of negligence that proximately caused Decedent's death, the jury found the Decedent guilty of contributory negligence that proximately caused his own death. Appendix at 129–30. Under Louisiana law, such contributory negligence would have been an absolute bar to Decedent's cause of action under Article 2322. *Turner v. Aetna Casualty & Surety Co.,* 175 So.2d 304 (La.Ct. of App.), *on rehearing,* 175 So.2d 308, 309, *writ ref.,* 247 La. 1094, 176 So.2d 147 (1965). *See also Frank v. Suthon,* 159 F. 174 (C.C.E.D.La.

5. Article 2322 also provides for recovery if the "ruin" is occasioned by a "vice in its original construction." This type of "ruin" is not here in issue. Prior to the trial Defendant filed a Third Party Complaint against Unit Crane and Shovel Corporation, the manufacturer of the crane involved, alleging that although Plaintiff did not have a cause of action against them, that if Plaintiff succeeded in her claim then Unit Crane and Shovel Corporation, as the manufacturer of the crane, was responsible to Defendant because of an inherent defect in the design and manufacture of the crane. Since the Decedent was found contributorily negligent, the issues arising out of the Third Party complaint were not submitted to the jury.

6. This Court has explained:
The key word in the Article which permits or forbids its application to a given set of facts is "ruin," a word that has been used by the Louisiana legislature interchangeably with its Latin origin, "falling down." *Franks [sic] v. Suthon,* C.C., 159 F. 174. This codal Article thus makes the owner of a building answerable for the damage "occasioned by its ruin— i. e., fall or collapse—whether such is due to structural vice or neglect to repair." *Hero v. Hankins,* 5 Cir., 247 F. 664, 666. Likewise and to the same effect is *Guidry v. Hamlin,* La.App., 188 So. 662, 664, wherein the Orleans Court of Appeals in a well considered opinion said:
"We note that the word 'ruin' as it appeared in Article 2322 and the word 'fall' in Art. 670. The owner is not made liable under either Article because there is a 'vice' in original construction, unless there is a 'ruin' of the building under one article, or 'fall' of some part of the building under the other. If the framers of the Code had intended to make liability, under either of these articles, depend upon the dangerous design of the building—which is complained of here—they would not have provided that the liability should be made to depend upon the 'ruin' or upon the 'fall' of some part thereof. Art. 2322 is taken directly from the French Civil Code, in which (in Art. 1386) appear the identical word 'ruin' ('ruine'). In the translation of the French Civil Code made by Henry Cochard, who is recognized as an authority on French translation, this word 'ruin' appears as 'destruction' ".
*Southern Farm Bureau Casualty Ins. Co. v. McKenzie et al.,* 252 F.2d 195, 199 (5th Cir. 1958). *Accord, Davis v. Royal-Globe Ins. Co.,* 257 La. 523, 242 So.2d 839 (1970), *cert. denied,* 403 U.S. 911, 91 S.Ct. 2208, 29 L.Ed.2d 688 (1971). *Parker v. Brawley,* 306 So.2d 793 (La.Ct. of App. 1975). *But see, Murphy v. Fidelity and Casualty Co. of N. Y.,* 138 So.2d 132 (La.Ct. of App. 1962) (defines "ruin" broadly to include defective conditions on premises).

7. The District Court Judge maintained that he ". . . did not consider that the evidence in this case produces such evidence of ruin as to require the Court to instruct under the provisions of Article 2322 . . . ." Appendix at 129. Perhaps he concluded that the evidence of Decedent's contributory negligence was an "outside force" sufficient to relieve Defendant from the strict liability imposed by Section 2322. *See* Comment, *supra* note 3 at 186–88.

1908); *Krennerich v. WCG Inv. Corp.*, 278 So.2d 842 (La.Ct. of App. 1973); *Murphy v. Fidelity and Casualty Co. of N. Y.*, 165 So.2d 497 (La.Ct. of App. 1964). Thus Plaintiff's survival action under La.Civ. Code Art. 2315 is barred; the cause of action which survives does not differ in any way from Decedent's.[8] *Vitale v. Checker Cab Co.*, 166 La. 527, 117 So. 579 (1928); *Foy v. Ed Taussig, Inc.*, 220 So.2d 229 (La.Ct. of App.), *appeal denied*, 254 La. 135, 139, 222 So.2d 884, 885 (1969).

Therefore, even if the District Court had instructed the jury under Article 2322, Decedent's contributory negligence would have barred Plaintiff from recovery in the survived action. It thus appears that the error, if any, was harmless. 28 U.S.C.A. § 2111; Fed.R.Civ.P. 61. *See Reichender v. Skaggs Drug Center*, 421 F.2d 307 (5th Cir. 1970); *Marlowe v. Garden Services, Inc.*, 411 F.2d 473 (5th Cir. 1969) (per curiam). *See generally, 7 Moore, Fed. Practice* ¶ 61.-09 (2d ed. 1948).

### The Effect of Decedent's Contributory Negligence on the Cause of Action Under La.Civ.Code Arts. 2315 and 2316.

Plaintiff's third theory for reversal is that, even assuming there were no errors in the District Court's instructions, the contributory negligence of a decedent no longer bars a Louisiana survivor's claim for wrongful death against a third party tortfeasor concurrently negligent.

 Under Louisiana law, if Article 2322 "ruin" does not apply, and if the fatal injury complained of is to a person lawfully on the premises resulting from a dangerous condition which the owner has permitted to exist, then the appropriate basis for decision is Articles 2315 and 2316.[9] *Weiland v.*

---

**8.** Plaintiff's reliance on *Krennerich v. W C G Inv. Corp., supra* is misplaced. The court in *Krennerich* quoted *Anselm v. Travelers Ins. Co.*, 192 So.2d 599, 600 (La.Ct. of App. 1966):

> An owner-lessor is held to strict liability, i. e., liability without fault, for personal injuries sustained by his tenant or others through the defective condition of the premises; neither the landowner's ignorance of the defect nor its latency will defeat the injured person's recovery. LSA–C.C. Arts. 670, 2322, 2693 and 2695. On the other hand, not every defect causing injury is actionable, *only those of a nature reasonably expected to cause injury to persons using ordinary care under the circumstances.* Likewise, although the injured person's prior knowledge of the defective condition will not by itself defeat his recovery, his contributory negligence may do so if the injured person was fully aware that the defect was so dangerous that the premises could not be used even with the exercise of due care. (Emphasis supplied).

Plaintiff argues that *only* that species of contributory negligence in which the plaintiff chooses to encounter a risk of which he is fully aware will bar an action under Article 2322. This, however, is merely one species of contributory negligence and, under Louisiana law, any form of contributory negligence is an absolute bar to an action under Article 2322. *Anslem v. Travelers Ins. Co., supra; Turner v. Aetna Casualty & Surety Co., supra. Cf. Holland v. Buckley,* 305 So.2d 113 (La.1974); *Barnes v. Pick,* 311 So.2d 609 (La.Ct. of App.), *writ ref.,* 314 So.2d 736 (1975). *See generally, Prosser, Law of Torts,* 424 (4th ed. 1971).

**9.** La.Civ.Code Art. 2315 provides in part:

> Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
>
> The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
>
> The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.

La.Civ.Code Art. 2316 provides:

> Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.

*King,* 281 So.2d 688 (La.1973); *Davis v. Royal Globe Ins. Co., supra.* Under Articles 2315 and 2316, Plaintiff's wrongful death action is barred by Decedent's contributory negligence. This has been [10] and continues to be the rule of law applicable in Louisiana. *Vitale v. Checker Cab Co., supra. See also Troxlair v. Ill. Cent. R. Co.,* 291 So.2d 797 (La.Ct. of App.), *writ denied,* La., 294 So.2d 834 (1974). There is nothing in the recent Louisiana Supreme Court cases that has the effect of overruling *Vitale v. Checker Cab Co., supra* [11]. *See Hudgins v. Travelers Ins. Co., et al.,* 336 So.2d 280 (La.Ct. of App. 1976).

After careful and thorough review of the case on appeal, we find that the judgment of the District Court must be

AFFIRMED.

---

**10.** *Sisson v. Home Indem. Co.,* 143 F.Supp. 108 (W.D.La.1956), *aff'd sub nom., Booth v. Home Indem. Co.,* 244 F.2d 568 (5th Cir. 1957); *Byrd v. Napoleon Ave. Ferry Co.,* 125 F.Supp. 573 (E.D.La.1954), *aff'd,* 227 F.2d 958 (5th Cir. 1955), *cert. denied,* 351 U.S. 925, 76 S.Ct. 783, 100 L.Ed. 1455 (1956); *Vitale v. Checker Cab Co., supra; Foy v. Ed Tussig, Inc., supra.*

**11.** The cases relied on by Plaintiff do not change the Louisiana rule of law that the contributory negligence of a decedent is a bar to recovery for his wrongful death under Article 2315 and 2316. *Callais v. Allstate Insurance Co.,* 334 So.2d 692, *on rehearing,* 334 So.2d 699 (La.1976) held that a child may not recover for damages sustained as a result of the death of a parent when the death is caused *solely* by the deceased parent's negligence, and carefully distinguished *Vitale v. Checker Cab Co., supra.* The other two cases Plaintiff relies on are inapposite in that in each the injured party was ultimately found not guilty of contributory negligence. *Straley v. Calongne Drayage and Storage, Inc.,* 346 So.2d 171 (La.1977); *Billiot v. Bourg,* 338 So.2d 1148, *on rehearing,* 338 So.2d 1151 (La.1976).