**John Buehler OLIVER,
Plaintiff-Appellant,**

v.

**AMINOIL, USA, INC.,
Defendant-Appellee.**

**No. 81–3036
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 25, 1981.

Rehearing Denied Dec. 17, 1981.

---

Hugh G. Oliver, Westwego, La., for plaintiff-appellant.

Emile L. Turner, Jr., Thomas M. Young, New Orleans, La., for defendant-appellee.

Before AINSWORTH, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

On April 6, 1978, Plaintiff-Appellant John Buehler Oliver fell seventy feet into the Gulf of Mexico, from a fixed oil drilling platform (the "platform"), suffering fractures to his pelvis and right fibula, a sprained neck and back, and other injuries. Oliver sued Aminoil USA, Inc. ("Aminoil"), the owner of the platform, for his damages occasioned by the fall, relying on La.Civ. Code Ann. art. 2322 (West 1979). Finding no factual basis for liability under Article 2322, the district court ordered judgment for Aminoil. We affirm.

At the time of the accident, Oliver was employed by Petro-Systems, Inc. ("Petro-Systems") as a pipe welder, and was working on the platform pursuant to a service contract between Petro-Systems and Aminoil. Oliver fell from a position near the top of one of the legs of the platform and just below the main deck, where he had been performing welding work without any scaffolding. According to the findings of the district court, he "assumed a position where two I beams were attached to one of the legs of the platform just under the deck and began to work. After a few minutes, one of his legs began to cramp. He placed his foot on a nearby light fixture. This caused the light fixture to collapse, and Oliver fell 70 feet into the sea. The broken light fixture was found on the catwalk be-

low the welding site directly following Oliver's fall."

Oliver sued Aminoil for damages, predicating jurisdiction on the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 et seq. (1953), and the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S. C.A. § 901 et seq., and predicating liability on La.Civ.Code Ann. art. 2322 (West 1979).[1]

Article 2322 provides that:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice in its original construction.

Oliver contends that Aminoil is liable for his injuries under the doctrine of *Olsen v. Shell Oil Co.*, 365 So.2d 1285 (La. 1978), and subsequent cases. In *Olsen*, the Louisiana Supreme Court, on certification of questions from the Fifth Circuit, 561 F.2d 1178 (5th Cir. 1977), held that a fixed oil drilling platform is a "building" within the meaning of Article 2322 and that "appurtenances" may also be included within that term. 365 So.2d at 1290–1291. Neither *Olsen* nor any of the other cases cited by Oliver,[2] however, holds that a building owner is liable whenever an appurtenance falls. See Sommers, *Admiralty, Fifth Circuit Symposium*, 24 Loy.L.Rev. 449, 458 (1978).

In *Olsen*, the Louisiana Supreme Court stated that

Under the terms of Article 2322, several requirements for the imposition of liability under the article must be met: (1) There must be a building; (2) the defendant must be its owner; and (3) *there must be a "ruin" caused by a vice in construction or a neglect to repair, which occasions the damage sought to be recovered.*

365 So.2d at 1289 (emphasis added). Even accepting that the fall of the light fixture constituted the "ruin" of a "building" for purposes of Article 2322,[3] Oliver failed to prove that the "ruin" was caused by a "vice in construction" or a "neglect to repair."[4]

Louisiana courts have noted numerous times that "[t]he owner of a building is not the insurer against injury of all who might pass or enter" and "is required only to exercise ordinary and reasonable care for their protection." *Riche v. Thompson*, 6 So.2d 566, 569 (La.App. 2nd Cir. 1941), *cited in, Landry v. News-Star-World Pub. Corp.*, 46 So.2d 140, 148 (La.App. 2nd Cir. 1950). As explained in *Temple v. General Ins. Co. of America*, 306 So.2d 915, 916 (La.App. 1st Cir. 1974):

> This article obviates the necessity of an injured party having to prove "fault" upon the part of an "owner" or those for whom said owner is answerable. However, the strict liability under Article 2322 is not purely absolute because it

---

1. Under the Outer Continental Shelf Lands Act, the law of the adjacent state is applicable to fixed structures on the Outer Continental Shelf as federal law when not inconsistent with applicable federal law. *Rodrique v. Aetna Casualty Co.*, 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969).

2. The cases cited by Oliver are: *Walker v. Tenneco Oil Co.*, 615 F.2d 1121 (5th Cir. 1980); *Ramos v. Liberty Mut. Ins. Co.*, 615 F.2d 334 (5th Cir. 1980); *Champagne v. Chevron U.S.A., Inc.*, 605 F.2d 934 (5th Cir. 1979); *Moczygemba v. Danos & Curole Marine Contractors*, 561 F.2d 1149 (5th Cir. 1977); *McIlwain v. Placid Oil Co.*, 472 F.2d 248 (5th Cir.), *cert. denied*, 412 U.S. 923, 93 S.Ct. 2734, 37 L.Ed.2d 150 (1973); and *Boudoin v. Schwegmann Bros. Giant Supermarket*, 371 So.2d 370 (La.App. 4th Cir. 1979).

3. Aminoil does not challenge the characterization of the platform as a "building" or of the light fixture as an "appurtenance" and we therefore assume for purposes of this appeal that these characterizations are appropriate.

4. There is also doubt whether Oliver proved that his injuries were "occasioned" by the fall of the light fixture, the so-called "ruin" of the "building." The findings of the district court state merely that Oliver's placing his leg on the fixture caused it to fall. There is some question in the evidence presented whether Oliver fell because the light gave way under his weight or instead because one of his hands or his other leg slipped. Because we find that Oliver failed to prove that the fall of the light fixture was the result of a vice in construction or a neglect to repair, it is not necessary to resolve whether Oliver's fall was occasioned by the fall of the light fixture.

arises subject to limiting predicatory language which establishes an owner's responsibility only when the "ruin" occasioning the damages is caused by "neglect to repair it" or by a "vice in its original construction." It has been held, furthermore, that there can be no recovery by the injured party when there is no proof that the injury was caused by any vice or defect in the building.

In *Olsen*, the Louisiana Supreme Court confirmed that "[t]he owner's fault is founded upon the breach of his obligation to maintain or repair his building so as to avoid the creation of *undue* risk of injury to others," 365 So.2d at 1289 (emphasis added), and that "the owner of a building has a non-delegable duty to keep his buildings and its appurtenances in repair so as to avoid *unreasonable* risk of injury to others, and . . . he is held strictly liable for injuries to others resulting from his failure to perform *this* duty imposed by law upon him," 365 So.2d at 1292 (emphasis added). *Accord, Loescher v. Parr*, 324 So.2d 441, 444 (La. 1975). Liability under Article 2322 therefore requires a showing that the "ruin" was caused by an element of construction or a state of disrepair which creates an unreasonable risk of injury to others. The district court found that Oliver had failed to make such a showing. The district court found, instead, that the defendant was not called upon to insure that the fixture be installed for use by a welder who would support himself thereupon while doing work on the platform; the purpose of the light fixture was to provide light on the platform and it needed to be secure enough to withstand bad weather in the Gulf so it could perform that purpose.

Oliver relies on *McIlwain v. Placid Oil Co.*, 472 F.2d 248 (5th Cir.), *cert. denied*, 412 U.S. 923, 93 S.Ct. 2734, 37 L.Ed.2d 150 (1973), in arguing that the district court erred in finding that Aminoil "had no duty to assure that the light fixture be installed in a manner to insure that it was so strong and securely attached that it could support the weight of a person." In *McIlwain*, the plaintiff was injured when the grated deck on which he was working gave way, and

this court affirmed a jury finding that the fall was due to a neglect to repair the deck. Oliver argues on the basis of *McIlwain* that we can imply a duty on Aminoil to insure that the light fixture was strong enough to support him. We disagree. What can be implied from *McIlwain* is that the failure to repair the grated deck constituted a failure to avoid the creation of an unreasonable risk of injury, a question of fact. We cannot say that the fact that the light fixture here could not support the weight of a person constituted a "vice in construction" or a "neglect to repair" within the meaning of the statute. *See Rapattoni v. Commercial Union Assur. Co.*, 378 So.2d 953, 958 (La.App. 3rd Cir. 1979). In this case, Oliver failed to show that the construction or state of repair of the light fixture created an unreasonable risk of injury, and thus failed to prove that Aminoil was liable under Article 2322.

■ Oliver also contends that he was not contributorily negligent. Although our conclusion that Oliver failed to prove that his damages were occasioned by a neglect to repair or a vice in construction provides a sufficient ground for affirming the judgment of the district court, we also note that Oliver's own negligence precludes recovery under article 2322.

The Louisiana Supreme Court noted in *Olsen* that "[a]n owner may be exculpated from liability under Article 2322 for a premise-defect, if the victim is injured, not by reason of the defect, but instead because of the fault of some third person." 365 So.2d at 1293. This includes the contributory negligence of the victim. *Moczygemba v. Danos & Curole Marine Contractors*, 561 F.2d 1149 (5th Cir. 1977). In this case the sole negligence found by the district court was that of Oliver.

Oliver's only argument that he was not contributorily negligent is a reference to testimony that the work he had been doing was continued by others, after his fall, without the use of scaffolding. Despite this testimony, there is ample evidence in the record to support the district court's conclu-

sion that Oliver was negligent. The district court found that Oliver was an experienced welder who had done welding work on other platforms and knew how to evaluate the risks in performing his job. It also found that scaffolding could have been made available to him, but that he chose to do the job without it; and the district court found that Oliver knew or should have known that he could not rely on a light fixture for support while doing the job. *See Rapattoni v. Commercial Union Assur. Co.*, 378 So.2d 953, 959 (La.App. 3rd Cir. 1979).

Because we conclude that Oliver failed to prove all of the necessary elements for liability under Article 2322 and that the evidence supported the conclusion of the district court that Oliver was himself negligent, we affirm the judgment of the district court.

AFFIRMED.